UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
4-7-15
APR 07 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| | ) | No. **15 CR 174** |
| vs. | ) | |
| | ) | Violations: Title 18, United States Code, |
| MARK McDONALD | ) | Sections 658 & 1001(a)(2); Title 26, |
| | ) | United States Code, Section 7206(1) |

**COUNTS ONE THROUGH FIFTEEN**

JUDGE GETTLEMAN

The SPECIAL JANUARY 2014 GRAND JURY charges:

MAGISTRATE JUDGE KIM

1. At times material to this Indictment:

**The Moecherville Water District**

a. The Moecherville Water District was a not-for-profit corporation that supplied water to households located in the Moecherville neighborhood of Aurora, Illinois. Households that received water from the MWD were obligated to pay the MWD for the water service that MWD provided. MWD received payments from its water customers in the form of cash, checks, and money orders.

b. Defendant MARK McDONALD was the publicly elected President of the MWD Board of Directors from on or about December 15, 2007, until on or about October 8, 2010.

c. The MWD maintained two checking accounts at Old Second National Bank – an operating account and a deposit account – for the purpose of depositing the payments that the MWD received from its water customers. McDONALD

1

was a signatory on both accounts.

d. As part of his duties, McDONALD was responsible for depositing into the operating account payments received from the MWD's water customers.

e. McDONALD was authorized, on behalf of MWD, to issue and execute checks drawn on the operating account and the deposit account in order to pay the MWD's expenses and to purchase goods and services for the benefit of the MWD.

### The USDA-RD Loans

f. The United States Department of Agriculture, Rural Development, as successor to the Rural Development Administration, was a federal agency that provided payments, grants, loans and loan guarantees to non-profit corporations for the development and commercialization of utility services. The USDA-RD's direct loan and grant programs developed water and waste disposal systems in rural areas with populations of less than 10,000.

g. Between approximately 2005 and 2006, the MWD received loans from USDA-RD in the total amount of approximately $2,778,000, which loan proceeds were used for the reconstruction of the MWD's water distribution facilities.

h. As security for repayment of the USDA-RD reconstruction loans, the MWD mortgaged and pledged to the Secretary of Agriculture, acting through USDA-RD, the following: (1) all property and assets of the MWD then owned, leased, or later acquired, and (2) all revenues and service charges arising or collected from the operation of the water facility. The revenues pledged by the MWD encompassed water

2

payments made or due to the MWD by its water customers.

2. On or about the dates set forth below in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK McDONALD,

defendant herein, with intent to defraud, did knowingly dispose of and convert to his own use the following property, in the approximate amounts listed below, that was mortgaged and pledged to the Secretary of Agriculture, acting through the USDA-RD:

| COUNT | DATE | PROPERTY |
|---|---|---|
| 1 | 7/9/2010 | $7,436.50 from the MWD's operating account |
| 2 | 8/4/2010 | $500 in cash payments received by the MWD from its water customers |
| 3 | 8/20/2010 | $1,000 in cash payments received by the MWD from its water customers |
| 4 | 8/20/2010 | $1,900 from the MWD's operating account |
| 5 | 8/30/2010 | $500 in cash payments received by the MWD from its water customers |
| 6 | 9/3/2010 | $1,400 in cash payments received by the MWD from its water customers |
| 7 | 9/7/2010 | $500 in cash payments received by the MWD from its water customers |
| 8 | 9/17/2010 | $1,000 in cash payments received by the MWD from its water customers |
| 9 | 9/17/2010 | $4,000 from the MWD's deposit account |
| 10 | 9/21/2010 | $500 in cash payments received by the MWD from its water customers |

3

| COUNT | DATE | PROPERTY |
|---|---|---|
| 11 | 9/24/2010 | $1,500 in cash payments received by the MWD from its water customers |
| 12 | 10/1/2010 | $3,300 from the MWD's deposit account |
| 13 | 10/8/2010 | $2,000 from the MWD's operating account |
| 14 | 10/8/2010 | $6,600 in cash payments received by the MWD from its water customers |
| 15 | 10/13/2010 | $1,460.85 in cash payments received by the MWD from its water customers |

All in violation of Title 18, United States Code, Section 658.

## COUNT SIXTEEN

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. At times material to this Indictment:

a. On October 7, 2010, the United States filed a foreclosure complaint in the United States District Court of the Northern District of Illinois, Eastern Division, against the MWD due to the MWD's failure timely to repay the USDA-RD reconstruction loans.

b. On October 8, 2010, the Court appointed the Illinois Rural Water Association to be the Receiver of the MWD. The Court ordered and authorized IRWA, among other things, to (1) take custody, control, and possession of the MWD's facilities, assets, and funds; (2) operate and maintain the MWD's water facilities; (3) collect water payments and pay the MWD's expenses; and (4) take necessary and appropriate action to preserve the MWD's funds and assets, as well as to prevent the dissipation and concealment of the MWD's funds and assets.

c. IRWA acted as Receiver of the MWD from the entry of the Court's order on October 8, 2010, until on or about February 14, 2013.

d. On or around the afternoon of October 8, 2010, at the MWD's office at 527 South Kendall Street in Aurora, Illinois, defendant MARK McDONALD and the employees of the MWD were served with notice of the foreclosure action and informed of the Court's appointment of the Receiver.

e. On or about October 8, 2010, the Court ordered defendant MARK McDONALD to turn over to the Receiver all of the MWD's cash and bank statements.

f. In 2013, the United States Department of Agriculture-Office of the Inspector General and the Internal Revenue Service-Criminal Investigations were investigating the disposition of the MWD's cash assets and the MWD's expenditures between January 2008 and October 2010.

g. As of February 13, 2013, the following matter, among others, was material to this investigation:

> Whether, on October 8, 2010, McDONALD turned over to the MWD's Court-appointed Receiver all of the MWD's assets in his care, custody, or control.

3. On or about February 13, 2013, at Chicago, in the Northern District of Illinois, Eastern Division,

MARK McDONALD,

defendant herein, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the USDA-OIG and the IRS-CI, agencies within the executive branch of the Government of the United States, when McDONALD, during an interview by agents of the USDA-OIG and IRS-CI, stated in substance that he returned approximately $6,600 in cash that he withdrew from a savings account at Fifth Third Bank to the safe located in the MWD office at 527 South Kendall Street in Aurora, Illinois, when in fact, as McDONALD then knew, that statement was false;

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVENTEEN

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. At times material to this Indictment:

   a. Defendant MARK McDONALD was a resident of Aurora, Illinois.

   b. On a United States Individual Income Tax Return, Form 1040, taxpayers were required to provide, among other things, their total income for the tax year.

   c. The Internal Revenue Service relied upon information taxpayers provided on their Form 1040s, including their total income, in assessing a taxpayer's tax due and owing, and if any refunds were owed to the taxpayer.

2. On or about April 15, 2009, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK McDONALD,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2008, which return was verified by written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which return defendant did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that his total income was $50,380, when defendant knew that his total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHTEEN

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count Seventeen is incorporated here.

2. On or about April 15, 2010, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK McDONALD,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2009, which return was verified by written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which return defendant did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that his total income was $48,013, when defendant knew that his total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT NINETEEN**

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. Paragraph 1 of Count Seventeen is incorporated here.

2. On or about April 15, 2011, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK McDONALD,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2010, which return was verified by written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which return defendant did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that his total income was $40,519, when defendant knew that his total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2014 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 658, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to a personal money judgment in the amount of approximately $33,597.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

11