IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15-CR-174 |
| MARK McDONALD | ) Judge Gettleman ) ) |
| Defendant. | ) |

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Mark McDonald, by and through his attorneys A Law Office of Phillip J. Oliver, P.C., respectfully moves this court pursuant to 18 U.S.C., section 3583 (e), for early termination of his supervised release. In support of this motion the defendant states the following:

### I.    INTRODUCTION

Mr. McDonald pled guilty in the Northern District of Illinois, Eastern Division to one count of property mortgaged or pledged to farm credit agency in violation of 18 U.S.C. § 658, and one count of filing a false tax return in violation of 26 U.S.C. § 7206(1). Consequently, on June 12, 2019, Mr. McDonald was sentenced to a term of imprisonment of 12 months and 1 day on each offense, terms to run concurrently, followed a term of three years of supervised release on 18 U.S.C. § 658, and one year on 26 U.S.C. § 7206(1).

Mr. McDonald was released from custody on June 12, 2020, and has now completed over one and a half years of his three year supervision term.

This court, pursuant to 18 U.S.C. § 3583 (e)(1), has discretionary authority to terminate supervised release after the defendant's completion of one year of the total term of supervision imposed by the sentencing court. Further, Mr. McDonald's supervising U.S.P.O., Priscilla Lococo, has stated that she does not oppose the early termination of supervision requested by Mr. McDonald. and the government agrees with this motion.

1

Title 18 U.S.C., Section 3583 (e) authorizes the court to terminate a term of supervised release and discharge a defendant after expiration of one year of supervised release, if, after considering certain factors set forth in Section 3553, termination is warranted by the conduct of the defendant and the interest of justice.

## II. 18 U.S.C. § § 3583 (e), 3553 FACTORS

Section 3553 (a)(1) is titled "the nature and circumstances of the offense and the history and characteristics of the defendant." Requiring one to be supervised is a function, largely, of the recognition that one released from the penitentiary may be vulnerable to transgressing again in the not too distant future. Supervision is a means of lessening the offender's vulnerability. The nature and circumstances of the offense and the history and characteristics of the defendant may provide an indication of the offender's vulnerability.

Mr. McDonald was sentenced to a term of imprisonment of 12 months and 1 day and a three year term of mandatory supervised release.

While incarcerated Mr. McDonald was an ideal inmate; he did not receive one permanent infraction. On June 12, 2020, the Petitioner completed his term of imprisonment and began serving his term of supervised release. Mr. McDonald has now completed over one and a half years of his supervision term. Since Mr. McDonald has been on supervised release, he has not violated any of the terms of his supervision. In fact, Mr. McDonald's supervising United States Probation Officer (U.S.P.O.), Priscilla Lococo, verified that Mr. McDonald has fully complied with all the conditions of his supervision and is a model supervisee. Ms. Lococo does not oppose early termination of Mr. McDonald's supervised release, and the government agrees with this motion.

Further, since his release Mr. McDonald has been gainfully self-employed in his handy-man business, and currently works upwards of 60 hours per week. Additionally, Mr. McDonald also has a very loving wife Maria whom he lives with, and for whom Mr. McDonald works to establish stability and support. Mr. McDonald has derived all possible benefits from his supervision: not having any

further encounters with the law**,** devoting the majority of his time to work, family, and establishing a stable healthy lifestyle**.** By all accounts Mr. McDonald has been an excellent citizen since his release. Thus, the Petitioner's history and characteristics suggest that he is not vulnerable to transgressing again and presents no realistic threat to the safety of the public. Consequently, there is not a continued need for court supervision.

As to factor (B), deterrence is generally divided into two subcategories: (1) specific and (2) general. Specific deterrence, of course, is to deter Mr. McDonald from ever committing such a crime again. Mr. McDonald has truly learned his lesson as a result of the sentence of imprisonment of 12 months and 1 day. This is evidenced by the fact that while incarcerated Mr. McDonald was an ideal inmate; he did not receive one permanent infraction. Further, Mr. McDonald has now completed over one and a half years of his supervision term and has not violated any of the terms of his supervision. Additionally, Mr. McDonald has paid all assessment and restitution amounts in this matter. Mr. McDonald has paid his debt to society. The main purpose in his life is to devote the majority of his time to work and family and establish a stable lifestyle. Furthermore, Mr. McDonald knows that the conviction of a subsequent crime would result in a much more severe punishment based on his criminal history and foreclose the possibility of achieving the goal for which he is striving. Thus, early termination of Mr. McDonald's supervision is supported by the fact that the objective of specific deterrence has been accomplished.

As to general deterrence, a message certainly needs to be sent to the community that the crime which Mr. McDonald has been convicted will not be tolerated and will be punished. However, it is the *certainty* of punishment, not its severity that deters crime. *See United States v. Kloda,* 133 F. Supp. 2d 345, 347-48 (S.D.N.Y. 2001) (Hellerstein, J.) (in context of business crimes); *United States v. Scroggins*, 880 F.2d 1204, 1206 (11th Cir. 1989) (noting Revolutionary War's introduction of concept); *see also* Anthony N. Doob & Cheryl Marie Webster, *Sentence Severity and Crime: Accepting the Null Hypothesis*, 30 Crime & Just. 143 (Univ. of Chicago 2003) (arguing that severity

of punishment does not deter crime); Jeffrey Grogger, *Certainty vs. Severity of Punishment*, 29 Econ. Inquiry 297, 308 (1991) (concluding increased certainty of punishment generates significant deterrent effects while increased severity produces insignificant results); William N. Trumbull, *Estimations of the Economic Model of Crime Using Aggregate and Individual Level Data*, 56 S. Econ. J. 423, 427-37 (1989) (analyzing data to conclude certainty of punishment has greater deterrent effect than severity); Ann Dryden Witte, *Estimating the Economic Model of Crime with Individual Data*, 94 Q.J. Econ. 57, 81-83 (1980) (maintaining certainty of punishment produces greater deterrent effect than severity of punishment). Consequently, since Mr. McDonald's punishment was certain the objective of general has been achieved and early termination of Mr. McDonald's supervision should be granted.

      As to factor (C), protecting the public from further crimes of the defendant, the criminal acts that brought the defendant before the court were committed between 2010 and 2011, now well over 10 years ago. Further, Mr. McDonald was an ideal inmate, he did not receive one permanent infraction. Mr. McDonald has now completed over one and a half years of his supervision term. Since Mr. McDonald has been on supervised release, he has not violated any of the terms of his supervision. Thus, the Petitioner's history and characteristics suggest that he is not vulnerable to transgressing again and presents no realistic threat to the safety of the public. Consequently, the goal of protecting the public from further crimes of the defendant is achieved. Therefore, there is not a continued need for court supervision and Mr. McDonald's supervision should be terminated.

      Regarding factor (D), "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," Mr. McDonald does not have any requirements nor does he need additional educational or vocational training, medical care, or other correctional treatment as contemplated here. He is currently self-employed as a handyman, and does not require any additional training or medical treatment he cannot acquire on his own in an efficient and effective manner.

The remaining factors that are to be considered under Section 3583 (e): Section 3553 (a) (4) (sentencing or violation of supervised release), Section 3553 (a) (5) (pertinent policy statements; none applies in our case), Section 3553 (a) (6) (sentencing disparities), Section 3553 (a) (7)( restitution to any victims of the offense), have no application in determining the appropriateness of the termination supervised release.

### III. INTEREST OF JUSTICE

An early termination of supervised release would serve the interests of justice. As stated above, Mr. McDonald has truly learned his lesson as a result of the sentence of imprisonment of 12 months and 1 day. This is further evidenced by the fact that while incarcerated Mr. McDonald was an ideal inmate, he did not receive one permanent infraction. Mr. McDonald has now completed over one and a half years of his supervision term. Since Mr. McDonald has been on supervised release, he has not violated any of the terms of his supervision. Thus, the Petitioner's history and characteristics suggest that he is not vulnerable to transgressing again and presents no realistic threat to the safety of the public. Consequently, an early termination of supervised release would serve the interests of justice.

### IV. CONCLUSION

In conclusion, after considering the factors set forth in 18 U.S.C. § 3553, the Petitioner's history and characteristics suggest that he is not vulnerable to transgressing again and presents no realistic threat to the safety of the public. The Petitioner has served a term of supervised release of over one and a half years. The goal of deterring others would not be thwarted. The safety of the public would not be put at risk. Mr. McDonald does not require additional training or medical care he cannot coordinate for himself in the most effective manner. The interest of justice warrants termination of supervised release at this time. As a corollary, to continue his supervision would only diminish the valuable and scarce resources of the United States Probation Office, which could be more efficiently allocated.

Wherefore, for the above-stated reasons, Defendant Mark McDonald respectfully requests that this court terminate his supervised release.

> Respectfully submitted,
>
> s/ Phillip Oliver

A Law Office of Phillip J. Oliver, P.C.
641 W. Lake Street, Suite 400
Chicago, IL  60661
312.399.0870